## <u>Settlement Agreement and Release of Claims</u>

This Agreement, along with all exhibits hereto (collectively, the "Settlement Agreement"), is entered into by and between Limitless Possibilities LLC ("Limitless" or the "Defendant") and Chanda Seckel (the "Class Representative" or the "Plaintiff"), for herself and on behalf of a class of all similarly-situated individuals, in the case of *Seckel v. Limitless Possibilities LLC.*, Case No. 20-cv-1462, filed in the United States District Court for the Eastern District of Wisconsin, Green Bay Division (the "Lawsuit").

<u>RECITALS</u>

WHEREAS, the Class Representative filed the Lawsuit under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and Wisconsin wage payment and overtime laws, Wis. Stat. §§ 103, 104, 109, *et seq.*, as a class and collective action to recover unpaid wages against Defendant on September 18, 2020 (Dkt. 1);

WHEREAS, Defendant filed an Answer denying the material allegations in the Complaint on November 10, 2020 (Dkt. 7);

WHEREAS, the Class Representative is represented in the Lawsuit by the law firm of Walcheske & Luzi, LLC ("Class Counsel");

WHEREAS, Defendant denies all of the allegations in the Lawsuit and any and all liability and damages of any kind to anyone with respect to the alleged facts or causes of action asserted in the Lawsuit, but nonetheless, without admitting or conceding any liability or damages whatsoever, has agreed to settle the Lawsuit on the terms and conditions set forth in this Settlement Agreement to avoid the burden, expense, and uncertainty of continuing the Lawsuit;

WHEREAS, the parties recognize that the outcome in the Lawsuit is uncertain and that achieving a final result through the litigation process would require substantial additional risk, discovery, time and expense;

1

WHEREAS, the Class Representative and Class Counsel have conducted an investigation and evaluation of the facts and law relating to the claims asserted in the Lawsuit to determine how best to serve the interests of all potential class and collective members and believe, in view of the costs, risks, and delay of continued litigation balanced against the benefits of settlement, that the settlement as provided in this Settlement Agreement is in the best interest of all and that the settlement provided in this Settlement Agreement represents a fair, reasonable, and adequate resolution of the Lawsuit;

WHEREAS, the parties have agreed to settle this Lawsuit as to the following settlement classes:

> FLSA Collective: All current and former hourly-paid, non-exempt direct support employees employed by Defendant at any time between September 18, 2017 and September 19, 2020 who (i) received a bonus payment between September 18, 2017 and September 19, 2020 that was not included in their regular rate of pay for overtime purposes and (ii) have timely returned Consent Forms in this action ("Collective Members").

> Rule 23 Class: All current and former hourly-paid, non-exempt direct support employees employed by Defendant at any time between September 18, 2018 and September 19, 2020 who (i) received a bonus payment between September 18, 2017 and September 19, 2020 that was not included in their regular rate of pay for overtime purposes and (ii) do not timely exclude themselves from this action ("Class Members").

WHEREAS, for purposes of the settlement, the parties have agreed to jointly seek certification of a Rule 23 class and certification of a collective action under the FLSA; and

WHEREAS, the parties have agreed to send notice of their settlement to all Class Members and to all individuals eligible to "opt-in" to the Lawsuit as plaintiffs pursuant to the FLSA.

NOW, THEREFORE, the parties, intending to be legally bound and in consideration of the mutual covenants and other good and valuable consideration set forth below, do hereby agree as follows:

AGREEMENT

1.    **Settlement.** It is agreed by and among the parties that this Lawsuit, and any claims, damages, or causes of action arising out of or related to the dispute which is the subject of said Lawsuit, be settled and compromised as among the Class Representative, Class Members, Collective Members and Defendant, subject to Court approval and pursuant to the terms and conditions set forth in this Settlement Agreement.

2.    **Settlement Fund.** Defendant agrees to establish a Settlement Fund in the amount of Nine Thousand and 00/100 Dollars ($9,000.00) (the "Settlement Fund") as consideration to resolve any and all federal and Wisconsin state law wage and hour claims of the Class Representative, Class Members and Collective Members. This Settlement Fund is inclusive of attorneys' fees, costs, and liquidated damages, such that Defendant's settlement liability, including its share of any settlement administration costs and the Enhancement Payment (as defined below), shall not exceed Nine Thousand and 00/100 Dollars ($9,000.00).

3.    **Allocation.** Seven Hundred Fifty Seven and 19/100 Dollars ($757.19) of the Settlement Fund will be allocated to Class Members and potential Collective Members among two separate funds as set forth in this Paragraph 3. For purposes of this settlement agreement, the parties have calculated the amount of allegedly unpaid overtime due to each Class Member/Collective Member based on their actual hours worked and actual earnings in the weeks relevant to the specific bonus(es) that they received during the applicable time period (as to each individual, their "Settlement Share"). The Settlement Shares for each Class Member/potential

Case 1:20-cv-01462-WCG   Filed 04/06/21   Page 3 of 30   Document 12-1

Collective Member, and division between the Class Fund and Collective Fund, are listed on the "Allocation Report" attached hereto as **Exhibit 1**. Any amounts allocated to the Class Members and potential Collective Members that are not claimed through the process described in this Settlement Agreement will revert to Defendant.

        A.    <u>Class Fund</u>. Three Hundred Seventy Eight and 60/100 Dollars ($378.60) of the Settlement Fund will be allocated to the "Class Fund." Each Class Member will be allocated a share of the Class Fund equal to one-half of their Settlement Share. Class Members who do not exclude themselves, as set forth in this Settlement Agreement, will be paid their allocated share of the Class Fund. For tax purposes, all allocations from the Class Fund will constitute unpaid wages, will be subject to regular payroll withholdings, and will be reported on an IRS Form W-2.

        B.    <u>Collective Fund</u>. Three Hundred Seventy Eight and 59/100 Dollars ($378.59) of the Settlement Fund will be allocated to the "Collective Fund." Each potential Collective Member will be allocated a share of the Collective Fund equal to one-half of their Settlement Share. Collective Members who opt-in to the settlement, as set forth in this Settlement Agreement, will be paid their allocated pro-rata share of the Collective Fund. For tax purposes, all allocations from the Collective Fund will constitute unpaid wages, will be subject to regular payroll withholdings, and will be reported on an IRS Form W-2.

**4.**    **<u>Attorneys' Fees and Costs</u>.** Class Counsel will apply for an award of attorneys' fees and costs, to be approved by the Court, not to exceed Seven Thousand Seven Hundred Forty Two and 81/100 Dollars ($7,742.81). The foregoing attorneys' fees and costs will be paid out of the Settlement Fund. Defendant does not oppose such applications.

5.     **Enhancement Payment.** The Class Representative will receive an additional Five Hundred and 00/100 Dollars ($500.00), paid out of the Settlement Fund, in recognition of her efforts in bringing this claim and the assistance he provided counsel in bringing this matter to resolution and in exchange for his release of claims, as provided in Paragraph 8 ("Enhancement Payment").

6.     **Settlement Approval Process**.

A.     The parties agree to seek the Court's approval for the Settlement Agreement and, for settlement purposes only, certification of the Rule 23 Class and the FLSA Collective as defined in the "Whereas" clauses of this Agreement.

B.     The parties will file a Joint Motion for Preliminary Approval of Class and Collective Action Settlement, Certification of a Rule 23 Class and Certification of a Collective Action (the "Joint Motion") and a proposed Order Granting Preliminary Approval of Class and Collective Action Settlement, Certification of A Rule 23 Class and Certification of a Collective Action ("the "Preliminary Approval Order") in a form substantially similar to the form attached hereto and made a part of the Settlement Agreement as **Exhibit 2**. The parties will cooperate and take all necessary steps to effectuate judicial approval of this Settlement Agreement.

C.     Preliminary Approval of Settlement. As soon as practicable after the execution of this Settlement Agreement, Class Counsel will present this Settlement Agreement to the Court along with the Joint Motion requesting that the Court enter the Preliminary Approval Order, which will include the following:

i.     Preliminary approval of the settlement memorialized in this Settlement Agreement as fair, reasonable, and adequate;

ii.     Certification of this case for settlement purposes as a class action under Federal Rule of Civil Procedure 23;

Case 1:20-cv-01462-WCG   Filed 04/06/21   Page 5 of 30   Document 12-1

iii.     Certification of this case for settlement purposes as a collective action pursuant to the FLSA;

iv.     Appointing Chanda Seckel as Class Representative;

v.     Appointing Walcheske & Luzi, LLC as Class Counsel pursuant to Federal Rule of Civil Procedure 23(g);

vi.     Approving the Notice of Class and Collective Action and Proposed Settlement (the "Notice") substantially in the form of **Exhibit 3** for distribution to all Class Members and potential Collective Members;

vii.     Approving the Opt-In Consent Form substantially in the form of **Exhibit 4** (the "Consent Form") for distribution to all Class Members and potential Collective Members;

viii.     A finding that the Notice to be given constitutes the best notice practicable under the circumstances, including individual notice to all Class Members and potential Collective Members who can be identified with reasonable effort, and constitutes valid, due, and sufficient notice to Class Members and potential Collective Members in full compliance with the requirements of applicable law, including the due process clause of the United States Constitution;

ix.     A direction that each potential Class Member who wishes to be excluded from the Rule 23 Class must opt-out pursuant to the instructions set forth in the Notice, and that any such responses must be received by the date set forth in the Preliminary Approval Order;

x.     A direction that any Class Member who has not properly and timely requested exclusion from the Rule 23 Class will be bound in the event the Court issues a Final Order Approving Settlement;

xi.     The scheduling of a Fairness Hearing to determine whether this Settlement Agreement should be approved as fair, reasonable and adequate, and whether the proposed Final Order Approving Settlement should be entered;

xii.     A direction that Class Counsel will file a Petition for Approval of Attorneys' Fees and Costs at least fourteen (14) calendar days prior to the Fairness Hearing, and a direction that any supplemental brief in support of final approval of the Settlement Agreement or in response to any objections to the application for attorneys' fees be filed at least seven (7) calendar days before the Fairness Hearing, and that the Court will determine at the Fairness Hearing in what amount attorneys' fees and reimbursement of costs and expenses should be awarded to Class Counsel; and

xiii.     A direction that any Class Member who wishes to object in any way to the proposed Settlement Agreement must file and serve such written

6

objections pursuant to the instructions set forth in the Notice no later than sixty (60) calendar days after the mailing of the Notice, together with copies of all papers in support of his or her position. The Notice will state that the Court will not consider objections of any Class Member who has not properly served copies of his or her objections on a timely basis.

D.     Consent to Join the FLSA Collective. Any potential Collective Member who intends to join his or her FLSA claims in order to recover his or her portion of the Collective Fund must do so by returning his or her Consent Form within thirty (30) calendar days of the mailing of the Notice, as provided in the Notice. Consents postmarked within thirty (30) calendar days of the mailing of the Notice will be considered timely if received prior to the Court's Final Order Approving Settlement. Failure to timely return a Consent Form will preclude a potential Collective Member from receiving his or her share of the Collective Fund. The parties agree that any potential Collective Member that does not timely return a Consent Form will not receive his/her share of the Collective Fund. All Collective Members who have previously filed a Consent Form or opted into the Lawsuit will be considered to have timely filed a Consent Form for purposes of this Agreement provided that those Collective Members have not subsequently withdrawn those Consent Forms or opted out of the Lawsuit.

E.     Objection to Settlement. Any Class Member who intends to object to the fairness of the Settlement Agreement must, by the date specified in the Preliminary Approval Order (which will be thirty (30) calendar days after the mailing of the Notice), which will be no less than fifteen (15) business days before the Fairness Hearing, file any such objection with the Court and provide copies of the objection to: Scott Luzi, Walcheske & Luzi, LLC, 235 N. Executive Drive, Suite 240, Brookfield, Wisconsin 53005, and to Tony H. McGrath, Jackson Lewis P.C., 22 East Mifflin Street, #800, Madison, Wisconsin 53703.

7

Any objection to the Settlement Agreement must include: (i) the objector's full name, address, and telephone number; (ii) the objector's dates of employment with Defendant and job title(s) while there; (iii) a written statement of all grounds for the objection accompanied by any legal support for such objection; (iv) copies of any papers, briefs, or other documents upon which the objection is based; (v) a list of all persons who will be called to testify in support of the objection; and (vi) a statement whether the objector intends to appear at the Fairness Hearing. If the objector intends to appear at the Fairness Hearing through counsel, the objection must also state the identity of all attorneys representing the objector who will appear at the Fairness Hearing.

Any Class Member who does not file a timely written objection to the settlement and notice of his or her intent to appear at the Fairness Hearing will be foreclosed from seeking any adjudication or review of the settlement by appeal or otherwise.

F.    Request for Exclusion. Any Class Member who wishes to be excluded from the Rule 23 Class must submit a request for exclusion to the address specified in the Notice by the date specified in the Preliminary Approval Order (which will be thirty (30) calendar days after the mailing of the Notice), which will be no less than fifteen (15) business days before the Fairness Hearing. To be effective, the request for exclusion must: (i) include the Class Member's full name, address, and telephone number; (ii) include the Class Member's dates of employment with Defendant and job title(s) while there; and (iii) specifically state his or her desire to be excluded from the settlement in the Lawsuit.

Any Class Member who fails to submit a timely request to be excluded will be subject to and bound by this Settlement Agreement and every order or judgment entered pursuant to this Settlement Agreement.

G.    <u>Fairness Hearing</u>. On the date set forth in the Preliminary Approval Order, a Fairness Hearing will be held at which the Court will: (i) decide whether to certify the Rule 23 Class; (ii) decide whether to certify this case for settlement purposes as a collective action pursuant to the FLSA; (iii) decide whether to approve the Settlement Agreement as fair, reasonable, and adequate; and (iv) decide any petitions for attorneys' fees and costs.

If this Settlement Agreement is finally approved by the Court, a Final Order Approving Settlement and directing the entry of judgment pursuant to Federal Rule of Civil Procedure 54(b) shall be entered as follows:

       i.      Approving the Settlement Agreement as fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23(e);

       ii.     Declaring that the Settlement Agreement represents a fair and reasonable resolution of a *bona fide* dispute under the FLSA;

       iii.    Declaring the Settlement Agreement to be binding on Defendant, the Class Representative, all Class Members, and all Collective Members;

       iv.    Granting Class Counsel's petition for attorneys' fees and costs in the total amount of Seven Thousand Seven Hundred Forty Two and 81/100 Dollars ($7,742.81);

       v.     Approving the settlement payments and Enhancement Payment as set forth herein;

       vi.    Dismissing with prejudice the Class Members' and Collective Members' claims against the Limitless Released Parties under this Lawsuit; and

       vii.   Dismissing this action on the merits with prejudice.

7.      **Issuance Of Notice.** If the Court grants preliminary approval of this Settlement Agreement, within ten (10) business days after the Court enters the Preliminary Approval Order Defendant will provide names, last known addresses, and phone numbers (if available) of Class Members and potential Collective Members to Class Counsel ("Class List"). Within twenty (20) business days of the Court's entry of the Preliminary Approval Order, Class Counsel will mail the Notice and Consent Form to the Class Members and potential Collective Members in a form substantially similar to what is attached hereto and made a part of this Settlement Agreement as **Exhibits 2 and 3**. If any Notices are returned by the postal service as undeliverable, Class Counsel will make best efforts in locating the individual. Class Counsel will promptly re-mail the Notice and Consent Form to the updated address, if identified. If, after a second mailing of the Notice and Consent Form, they are returned by the postal service as undeliverable or if a second address cannot be identified with reasonable efforts, the parties will be deemed to have satisfied their obligation to provide the applicable Notice to that individual.

8.      **Class Representative's Release of Claims**. Upon the Court entering a Final Order Approving Settlement, the Class Representative and her respective predecessors, successors, heirs and assigns, in addition to her legal representatives, hereby and forever completely releases and discharges the Defendant, its past, present and future parents, subsidiaries, affiliates, and related entities, and each of their respective past and present owners, officers, directors, principals, stockholders, managers, members, partners, agents, insurers, attorneys, servants, representatives, independent contractors, and employees, employee benefit plans, assigns and other representatives of any kind (collectively, "Limitless Released Parties") from any and all known or unknown claims, which are releasable by law, of any kind which arise out of or are in any manner based upon or related to the employment relationship between the

Class Representative and Defendant based on any act or omission that occurred up to the Effective Date. The Class Representative's release of claims against the Limitless Released Parties, includes but is not limited to: (1) claims pursuant to the FLSA, including any claim for retaliation pursuant to 29 U.S.C. § 215(a)(3), or Wisconsin's wage and hour laws, including Wis. Stats. Chapters 103, 109, 111 and Wis. Admin. Code Ch. DWD §§ 272 and 274; (2) any state common law wage claims, including, but not limited to, breach of contract (whether express or implied), promissory estoppel, unjust enrichment and quantum merit; (3) Title VII of the Civil Rights Act of 1964, as amended; (4) Section 1981 of the Civil Rights Act of 1866 (42 U.S.C. § 1981); (5) the Genetic Information Nondiscrimination Act; (6) the Americans with Disabilities Act, as amended; (7) the Equal Pay Act; (8) the National Labor Relations Act; (9) the Employee Retirement Income Security Act of 1974; (10) the Wisconsin Fair Employment Act; (11) the Wisconsin Business Closing law; (12) state or federal parental, family and medical leave acts; (13) the Uniformed Services Employment and Reemployment Rights Act (USERRA), or any other local, state, or federal military and/or veterans rights act, or any other claim based on veteran status; (14) claims arising under any other local, state or federal statute, ordinance, regulation or order, or which involve a claim or action for wrongful discharge, defamation, misrepresentation, violation of public policy, invasion of privacy, emotional distress, breach of contract (express or implied) and/or any other tort or common law cause of action; and (15) any other federal, state or local law, statute or ordinance affecting the Class Representative's employment with or termination from Defendant.

      **9.**    **Class Members' Release of Claims**. Upon the Court entering a Final Order Approving Settlement, the Class Representative and all Class Members will be deemed to have completely released and forever discharged the Limitless Released Parties from any and all

rights, claims, demands, debts, contracts, accounts, torts, statutory claims, claims for

compensatory or punitive damages, claims for statutory penalties, misfeasance, malfeasance,

costs, losses, expenses, attorney fees, obligations, causes of action, damages and liability of any

kind or character whatsoever, whether known or unknown, matured or unmatured, asserted or

unasserted, and whether legal, equitable or injunctive in nature, that he or she has raised or could

have raised in the Lawsuit or which he or she may have had against the Limitless Released

Parties under any state wage and hour laws, including without limitation Wis. Stats. § 103, 104,

109, and under the Wisconsin Administrative Code, at any time on or before the Effective Date

of this Settlement Agreement.

10. **Collective Members' Release of Claims**. Upon the Court entering a Final Order

Approving Settlement, the Class Representative and all Collective Members will be deemed to

have completely released and forever discharged the Limitless Released Parties from any and all

rights, claims, demands, debts, contracts, accounts, torts, statutory claims, claims for

compensatory or punitive damages, claims for statutory penalties, misfeasance, malfeasance,

costs, losses, expenses, attorney fees, obligations, causes of action, damages and liability of any

kind or character whatsoever, whether known or unknown, matured or unmatured, asserted or

unasserted, and whether legal, equitable or injunctive in nature, that he or she has raised or could

have raised in the Lawsuit or which he or she may have had against the Limitless Released

Parties under any federal wage and hour laws, including without limitation the Fair Labor

Standards Act, at any time on or before the Effective Date of this Settlement Agreement.

11. **Settlement Payments**.

A. Settlement Checks. If no objections to the settlement are filed, Limitless

will issue payment to the Class Members and Collective Members in the amounts listed

on Allocation Report within twenty (20) business days after the Court enters the Final Order Approving Settlement. If objections to the settlement are filed, but the settlement is approved, and no appeals are filed, then Limitless will issue payments to the Class Members and the Collective Members in the amounts listed on Allocation Report within forty (40) business days after the Court enters the Final Order Approving Settlement. If an appeal is filed, no payments will be issued until and unless the settlement is upheld on appeal or the objection is otherwise resolved. If an appeal is filed and the settlement is upheld or the objection is otherwise resolved, Limitless will issue payment to the Class Members and the Collective Members in the amounts listed on the Allocation Report within ten (10) business days after the resolution. All payments shall be sent to Class Counsel for distribution.

B. <u>Other Payments</u>. If no objections to the settlement are filed, Limitless will issue payment: (i) to Class Counsel for the Court-approved attorneys' fees and costs; and (ii) to the Class Representative for the Court-approved Enhancement Payment within twenty (20) business days after the Court enters the Final Order Approving Settlement. If objections to the settlement are filed, but the settlement is approved, and no appeals are filed, then Limitless will issue payments: (i) to Class Counsel for the Court-approved attorneys' fees and costs; and (ii) to the Class Representative for the Court-approved Enhancement Payment within forty (40) business days after the date the Court enters the Final Order Approving Settlement. If an appeal is filed, no payments will be issued until and unless the settlement is upheld on appeal or the objection is otherwise resolved. If an appeal is filed and the settlement is upheld or the objection is otherwise resolved, Limitless will issue payment from the Settlement Fund: (i) to Class Counsel for the

Court-approved attorneys' fees and costs; and (ii) to the Class Representative for the Court-approved Enhancement Payment within ten (10) business days of the resolution.

        C.    <u>Uncashed Checks, Reverter</u>. Defendant agrees to cooperate in good faith with class counsel in the event that any check remains uncashed or needs to be reissued. Any settlement check that is not cashed after one hundred fifty (150) calendar days following its issuance ("Uncashed Checks"), following its cancellation and voiding, will revert to and remain property of Defendant. Further, any portion of the Collective Fund that is attributable to potential Collective Members who have not opted-in to the settlement and any portion of the Class Fund that is attributable to Class Members that have timely excluded themselves from the Rule 23 Class shall be considered "Unclaimed Funds" and shall revert to and remain property of Defendant.

        **12.**    **<u>No Admission of Liability.</u>** By entering into this Settlement Agreement, Defendant admits no liability of any kind, and Defendant expressly denies any liability or wrongdoing. Accordingly, the parties agree that none of them has prevailed nor will this Settlement Agreement be construed as evidence that any party has prevailed in this matter. This Settlement Agreement will not be admissible in any court or other proceeding except as necessary in connection with a claim of breach of this Settlement Agreement or an effort to enforce this Settlement Agreement.

        **13.**    **<u>Choice of Law.</u>** The enforcement of this Settlement Agreement will be governed and interpreted by and under the laws of the State of Wisconsin whether or not any party is or may hereafter be a resident of another state.

14.     **Extension of Time.** The parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Settlement Agreement, without further notice to the Court, subject to Court approval as to Court dates.

15.     **No Waivers, Modifications, Amendments.** This Settlement Agreement constitutes the entire agreement of the parties concerning the subjects contained herein, and all prior and contemporaneous negotiations and understandings between the parties will be deemed merged into this Settlement Agreement. No waiver, modification, or amendment of the terms of this Settlement Agreement, whether purportedly made before or after the Court's approval of this Settlement Agreement, will be valid or binding unless in writing, signed by or on behalf of all parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Settlement Agreement will not be deemed a waiver of any of the other provisions of this Settlement Agreement, and such party, notwithstanding such failure, will have the right thereafter to insist upon the specific performance of any and all of the provisions of this Settlement Agreement.

16.     **Court Retains Jurisdiction to Enforce Agreement.** The United States District Court for the Eastern District of Wisconsin, Green Bay Division (the "Court") will retain jurisdiction with respect to the implementation and enforcement of the terms of the Settlement Agreement, to the extent permitted by law, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement. Any action to enforce this Settlement Agreement will be commenced and maintained only in this Court.

17.     **Agreement to Cooperate, Severability.** The parties acknowledge that it is their intent to consummate this settlement, and they agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Settlement Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of this Settlement Agreement. The provisions of this Settlement Agreement will be deemed severable, and the invalidity or unenforceability of any one or more of its provisions will not affect the validity or enforceability of any of the other provisions.

18.     **Counterparts.** This Settlement Agreement will become effective upon its execution, subject to subsequent Court approval. The parties may execute this Settlement Agreement in counterparts, and execution in counterparts will have the same force and effect as if the parties had signed the same instrument. Any signature made and transmitted by facsimile or electronic means for the purpose of executing this Settlement Agreement will be deemed an original signature for purposes of this Settlement Agreement and will be binding upon the signing party.

19.     **Corporate Signatories.** Each party executing this Settlement Agreement or any of its exhibits on behalf of any party hereto warrants that such person has the authority to do so. Any person executing this Settlement Agreement or any such related documents on behalf of a corporate signatory hereby warrants and promises for the benefit of all parties hereto that such person is duly authorized by such corporation to execute this Settlement Agreement or any such related documents.

20.     **Headings.** The captions or headings of the paragraphs in this Settlement Agreement are inserted for convenience or reference only and will have no effect upon the construction or interpretation of any part of this Settlement Agreement.

21. **Confidentiality.** The Class List and Allocation Report contains confidential financial information regarding the individual settlement allocations to the Class Members and Collective Members. Neither Class Counsel, nor Class Representative will distribute or disclose the Class List or Allocation Report or the information contained therein to the Class Members or Collective Members. Instead, Class Counsel and/or Class Representative may disclose only an individual allocation to the particular Class Member or Collective Member to whom that allocation applies. Furthermore, Class Counsel and Class Representative will not directly or indirectly contact the media or make any social media posts regarding this Settlement Agreement and/or the Lawsuit. If contacted by the media, Class Counsel and Class Representative will only confirm that a settlement has been reached and will say nothing further. If Class Counsel or Class Representative breaches this clause, they will be liable for liquidated damages in the amount of any payments to which they are entitled under this Settlement Agreement.

[Signatures On Following Page]

IN WITNESS WHEREOF, the parties have executed this Settlement Agreement on the dates indicated below and agree that it will be effective as of the date of the last party to execute the Settlement Agreement below ("Effective Date").

**PLAINTIFF**

_____
Signature

Chanda Seckel
_____
Print Name

2/16/2021
_____
Date

**LIMITLESS POSSIBILITIES LLC**

_____
Signature

Bill Gudwer
_____
Print Name

President
_____
Title

2/11/2021
_____
Date

| Employee Name | Total Allocation | Class Fund | Collective Fund |
|---|---|---|---|
| Akins, Maria | $4.13 | $2.07 | $2.07 |
| Annamitta, Lisa | $7.09 | $3.54 | $3.54 |
| Ashley, Tiffany | $75.40 | $37.70 | $37.70 |
| Balthazor, Gregory | $2.96 | $1.48 | $1.48 |
| Barber, Richard | $3.80 | $1.90 | $1.90 |
| Beaver, Brandon | $30.15 | $15.07 | $15.07 |
| Bishop, Lachanda | $5.69 | $2.84 | $2.84 |
| Bresnyan, Kaitlyn | $4.36 | $2.18 | $2.18 |
| Brost, Aaron | $1.38 | $0.69 | $0.69 |
| Caelwaerts, Natasha | $3.44 | $1.72 | $1.72 |
| Champeau, Erin | $16.96 | $8.48 | $8.48 |
| Clayton, Richard | $8.92 | $4.46 | $4.46 |
| Collen, Megan | $0.00 | $0.00 | $0.00 |
| Combs, Breanna | $1.88 | $0.94 | $0.94 |
| Crum, Alexis | $4.32 | $2.16 | $2.16 |
| Decker, Tanner | $0.30 | $0.15 | $0.15 |
| Dekeyser, Billie | $1.82 | $0.91 | $0.91 |
| Dorn, Timothy | $5.60 | $2.80 | $2.80 |
| Foster, Gerald | $22.17 | $11.08 | $11.08 |
| Garrett, Alesha | $1.87 | $0.93 | $0.93 |
| Grandaw, Kristy | $1.96 | $0.98 | $0.98 |
| Hanson, Nicholas | $17.72 | $8.86 | $8.86 |
| Hau, Linda | $24.41 | $12.21 | $12.21 |
| Haumschild, Theresa | $11.07 | $5.53 | $5.53 |
| Hayes, Amanda | $0.00 | $0.00 | $0.00 |
| Hileman, Brandon | $36.72 | $18.36 | $18.36 |
| Hoida, Wesley | $2.69 | $1.35 | $1.35 |
| Holman, Laura | $1.73 | $0.87 | $0.87 |
| Johnson, Dylan | $3.37 | $1.69 | $1.69 |
| Kaul, Thomas | $10.61 | $5.31 | $5.31 |
| Lacombe, Alexis | $0.00 | $0.00 | $0.00 |
| Luna, Cruz | $5.55 | $2.77 | $2.77 |
| McIntyre, Kayla | $60.22 | $30.11 | $30.11 |

| | | | |
|---|---|---|---|
| Mitchell, James | $10.83 | $5.42 | $5.42 |
| Morris, Haley | $1.76 | $0.88 | $0.88 |
| Nate, Crystal | $3.20 | $1.60 | $1.60 |
| Nichols, Jacob | $8.18 | $4.09 | $4.09 |
| Nooyen, Jessica | $6.73 | $3.37 | $3.37 |
| Novotny, Stephanie | $11.57 | $5.78 | $5.78 |
| Page, Juwan | $5.38 | $2.69 | $2.69 |
| Paris, Gerald | $21.14 | $10.57 | $10.57 |
| Peak, Jacob | $9.02 | $4.51 | $4.51 |
| Pieper, Cindy | $30.39 | $15.20 | $15.20 |
| Ramirez, Tamarea | $96.68 | $48.34 | $48.34 |
| Schoenberg, Zachariah | $1.59 | $0.79 | $0.79 |
| Schultz, Richard | $15.69 | $7.85 | $7.85 |
| Seckel, Chanda | $6.98 | $3.49 | $3.49 |
| Simmons, Shaquille | $9.82 | $4.91 | $4.91 |
| Slayton, Hunter | $1.03 | $0.52 | $0.52 |
| Stone, Dustin | $1.38 | $0.69 | $0.69 |
| Tessen, Patrick | $21.55 | $10.77 | $10.77 |
| Timberlake, Anthony | $27.69 | $13.85 | $13.85 |
| Voge, Jacob | $2.04 | $1.02 | $1.02 |
| Walker, Marcus | $61.18 | $30.59 | $30.59 |
| Ward, Lanorris | $7.13 | $3.57 | $3.57 |
| Wetzel, Austin | $5.27 | $2.64 | $2.64 |
| Wheaton, Catherine | $8.26 | $4.13 | $4.13 |
| Williams, Daevion | $2.42 | $1.21 | $1.21 |
| Wilson, Bryana | $1.30 | $0.65 | $0.65 |
| Wilson, Tabitha | $0.66 | $0.33 | $0.33 |
| | **$757.19** | **$378.60** | **$378.60** |

Exhibit 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

CHANDA SECKEL
on behalf of herself and all
others similarly situated,

    Plaintiff,         Case No. 20-cv-1462

 v.

LIMITLESS POSSIBILITIES LLC

    Defendant

## *PROPOSED* ORDER

   On April 6, 2021, the parties filed their Joint Motion for Preliminary Approval of Settlement

and supporting documentation with this Court. (ECF Nos. 12 to 14.)

   This Court GRANTS the parties' Joint Motion for Preliminary Settlement Approval, (ECF

No. 12), and ORDERS the following:

1. The parties' Settlement Agreement, (ECF No. 12-1), is a fair, reasonable, and adequate resolution of a bona-fide dispute under the FLSA and the WWPCL;

2. For settlement purposes only, this case is certified as a class action under Federal Rule of Civil Procedure 23;

3. For settlement purposes only, this case is certified as a collective action pursuant to the FLSA;

4. Plaintiff, Chanda Seckel, is appointed as Class Representative;

5. Plaintiff's Counsel, Walcheske & Luzi, LLC, is appointed as Class Counsel pursuant to Federal Rule of Civil Procedure 23(g);

Exhibit 2

6. The parties' "Notice of Class and Collective Action and Proposed Settlement" (the "Notice") substantially in the form of Exhibit 3 to the parties' Settlement Agreement, (ECF No. 12-1), is approved for distribution to all Class Members and potential Collective Members;

7. The Opt-In Consent Form substantially in the form of Exhibit 4 (the "Consent Form") to the parties' Settlement Agreement, (ECF No. 12-1), is approved for distribution to all Class Members and potential Collective Members;

8. The Notice for distribution to all Class Members and potential Collective Members constitutes the best notice practicable under the circumstances, including individual notice to all Class Members and potential Collective Members who can be identified with reasonable effort, and constitutes valid, due, and sufficient notice to Class Members and potential Collective Members in full compliance with the requirements of applicable law, including the due process clause of the United States Constitution;

9. Each Class Member who wishes to be excluded from the Rule 23 Class must opt-out pursuant to the instructions set forth in the Notice, and that any such responses must be received by thirty (30) calendar days after the mailing of the Notice;

10. Any Class Member who has not properly and timely requested exclusion from the Rule 23 Class will be bound in the event the Court issues a Final Order Approving Settlement;

11. A Fairness Hearing will be scheduled to determine whether this Settlement Agreement should be approved as fair, reasonable and adequate, and whether the proposed Final Order Approving Settlement should be entered;

12. Class Counsel will file a Petition for Approval of Attorneys' Fees and Costs at least fourteen (14) calendar days prior to the Fairness Hearing, and any supplemental brief in support of final approval of the Settlement Agreement or in response to any objections to the application for attorneys' fees be filed at least seven (7) calendar days before the Fairness Hearing, and that the Court will determine at the Fairness Hearing in what amount attorneys' fees and reimbursement of costs and expenses should be awarded to Class Counsel; and

13. Any Class Member who wishes to object in any way to the proposed Settlement Agreement must file and serve such written objections pursuant to the instructions set forth in the Notice no later than sixty (60) calendar days after the mailing of the Notice, together with copies of all papers in support of his or her position.

Exhibit 2

Dated this _____ day of April, 2021

BY THE COURT

_____
The Honorable William C. Griesbach
United States District Judge

Exhibit 2

**If you worked as an hourly-paid, non-exempt employee of Limitless Possibilities, LLC between the dates of September 18, 2017 and September 19, 2020 and you received a bonus payment between these dates, you may be entitled to compensation under this settlement**

**THIS NOTICE AFFECTS YOUR LEGAL RIGHTS.  PLEASE READ IT CAREFULLY.**

*This is not a solicitation from a lawyer.  A Federal Court has authorized this Notice.*

TO:    Current and former hourly-paid, non-exempt employee of Limitless Possibilities, LLC between the dates of September 18, 2017 and September 19, 2020 who received a bonus payment between these dates as described below

RE:    Settlement of Claims for Alleged Unlawful Compensation Policies and/or Practices

- Chanda Seckel (the "Class Representative") filed a lawsuit in the United States District Court for the Eastern District of Wisconsin (Green Bay Division), captioned *Chanda Seckel v. Limitless Possibilities, LLC*, Case No. 20-cv-1462, alleging that Limitless Possibilities, LLC ("Limitless") failed to include all forms of non-discretionary compensation in the regular rate of pay of hourly-paid, non-exempt employees' for overtime calculation purposes (the "Lawsuit").  The Court has not rendered any decisions or determination on the merits of the Lawsuit.

- Limitless disputes the material allegations contained in Plaintiff's Complaint and denies any liability to Plaintiff or members of the proposed Settlement Classes. Limitless asserts that it paid all employees properly and in compliance with the law.

- The Class Representative and Limitless have negotiated a settlement agreement in order to avoid the time and expense associated with lengthy litigation.

- For settlement purposes only, the Court certified the Lawsuit as a class action and collective action on behalf of hourly-paid, non-exempt employees who worked for Limitless, as follows:

  - The following Rule 23 Class has been certified for settlement purposes for Wisconsin state law claims: All current and former hourly-paid, non-exempt direct support employees employed by Defendant at any time between September 18, 2018 and September 19, 2020 who (i) received a bonus payment between September 18, 2017 and September 19, 2020 that was not included in their regular rate of pay for overtime purposes and (ii) do not timely exclude themselves from this action.

  - The following FLSA Collective has been certified for settlement purposes for federal law claims: All current and former hourly-paid, non-exempt direct support employees employed by Defendant at any time between September 18, 2017 and September 19, 2020 who (i) received a bonus payment between September 18, 2017 and September 19, 2020 that was not included in their regular rate of pay for overtime purposes and (ii) have timely returned Consent Forms in this action.

Exhibit 3

- This Notice is to inform you about the status of the Lawsuit, including your potential right to receive a share of the monies set aside by Limitless to resolve the Lawsuit (the "Settlement Fund"). **Your legal rights are affected, and you have a choice to make in this action now.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **PARTICIPATE IN THE RULE 23 CLASS** | Recipients of this Notice that were employed as an hourly, non-exempt employees between September 18, 2018 and September 19, 2020 received a bonus payment between these dates that was not included in their regular rate of pay for overtime purposes. These recipients are assumed to be members of the Rule 23 Class and no further action is necessary to participate in the Rule 23 Class. |
| | If you are and wish to remain a member of the Rule 23 Class, you will receive an individual amount, less applicable tax withholdings, if any, that was determined on a pro rata basis based upon actual and approximately overtime wages owed. |
| | Participation in the Rule 23 Class will release all Wisconsin wage payment collection law ("WWPCL") claims against Limitless. |
| **EXCLUDE YOURSELF FROM THE RULE 23 CLASS** | As described below, if you exclude yourself, you are excluding yourself from the Rule 23 Class and will not receive any funds from and will be unable to participate in the Settlement if you choose this option, but will retain any rights you may have against Limitless over the claims in this case and, if you choose to pursue them, may do so with counsel of your choice. |
| **PARTICIPATE IN THE FLSA COLLECTIVE** | If you wish to participate in the FLSA Collective, you simply need to return your Consent Form within thirty (30) calendar days of the mailing of the Notice, as provided in the Notice. |
| | Participation in the FLSA Collective will release all federal Fair Labor Standards Act ("FLSA") claims against Limitless. |
| **DO NOTHING** | If you qualify as a member of the Rule 23 Class and you take no further action, you will remain a member of that Class and will receive the Rule 23 Class amount noted above and will be bound by the Settlement. |
| | If you do not qualify as a member of the Rule 23 Class and take no action, you will not be a part of this Lawsuit, you will not receive any funds from the Lawsuit, and you will not be bound by the Settlement. |
| | If you qualify as a member of the FLSA Collective and you take no further action and do not endorse and cash the FLSA settlement check, you will not receive an FLSA settlement payment and will not be bound by the Settlement. |
| **OBJECT** | Write the Court about why you do not like the Settlement. |

Exhibit 3

**Your options are explained in this Notice. Please read it carefully.**

| 1. What is this Lawsuit about? |
| --- |

The Class Representative brought this Lawsuit against Limitless on behalf of herself and all other similarly situated hourly-paid, non-exempt employees of who worked at Limitless. The Class Representative alleged that, in violation of the FLSA and WWPCL, Limitless failed to include all forms of non-discretionary compensation in the regular rate of pay for overtime purposes for hourly-paid, non-exempt employees. The Lawsuit is currently pending before the United States District Court for the Eastern District of Wisconsin (Green Bay Division).

Through the Lawsuit, the Class Representative sought to recover from Limitless all unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs, on her behalf as well as on behalf of all other similarly situated hourly-paid, non-exempt employees of Limitless. Limitless denies all of the Class Representative's allegations, including that it violated the WWPCL or FLSA, and contends that its policies and practices were compliant with applicable local, state and federal laws at all times. However, both Class Representative and Limitless wish to settle this Lawsuit to avoid costly and time-consuming litigation.

The Court has not rendered any decisions or determination on the merits of the Class Representative's claims or Limitless' defenses and expresses no opinion on the merits of the Class Representative's claims or Limitless' defenses. Limitless disputes the material allegations contained in the Class Representative's Complaint and denies any liability to the Class Representative or members of the proposed Settlement Classes.

The Class Representative and Limitless have negotiated a Settlement on behalf of the Rule 23 Class and FLSA Collective as described above. While the Court has not made a final determination on the outcome of the Lawsuit, it has preliminarily approved the proposed Settlement and authorized this Notice.

| 2. Payments Under the Settlement |
| --- |

For purposes of settlement, a Settlement Fund totaling $9,000.00 was created for payment: to each individual who participates in the Lawsuit (as explained above, as well as in Section 3); of a service payment to the Class Representative; and of Class Counsel's attorneys' fees and costs.

**Payments to Participants**

The amounts of the monetary payments for which individuals who participate in the Lawsuit are eligible was determined by calculation of alleged monetary payments owed to putative class and collective members, including the Class Representative, based upon documentation provided by Limitless and an approved and agreed-upon methodology by the parties, and reducing said amounts commensurate with the anticipated level of risk for continued litigation.

The average monetary payment to an individual who participates in both the class and collective will be $13.06.

Exhibit 3

**Payment of Attorneys' Fees and Costs**

In addition to the above payments, Limitless will pay from the total Settlement Fund Class Counsel's reasonable attorneys' fees and costs of up to $7,742.81.

---

**3. Your Right to Participate and the Effect On Your Legal Rights**

---

The claims at issue in the Lawsuit are pursuant to both state (WWPCL) and federal (FLSA) laws. Depending on your level of participation in the Lawsuit, your legal rights under one or both laws will be impacted. Limitless cannot terminate your employment, or treat you any differently because of your participation in, or exclusion from, the Settlement.

**Participate in the Rule 23 Class**

For purposes of settlement, the Rule 23 Class is a class comprised of all current and former hourly-paid, non-exempt direct support employees employed by Defendant at any time between September 18, 2018 and September 19, 2020 who received a bonus payment between September 18, 2018 and September 19, 2020 that was not included in their regular rate of pay for overtime purposes. All recipients of this Notice who were employed at any time between these dates are assumed to be participants in the Rule 23 Class and no further action is necessary to participate in the Rule 23 Class. Should the Settlement be approved by the Court, participation in the Rule 23 Class will result in the release of all WWPCL claims that were or could have been asserted in the Lawsuit through the date of the Final Order Approving Settlement.

**Participate in the FLSA Collective**

For settlement purposes, the FLSA Collective is a collective comprised of all current and former hourly-paid, non-exempt direct support employees employed by Limitless at any time between September 18, 2017 and September 19, 2020 who received a bonus payment between September 18, 2017 and September 19, 2020 that was not included in their regular rate of pay for overtime purposes. Individuals who wish to participate in the FLSA Collective in addition to the Rule 23 Class **must** timely return the Consent Form to Class Counsel on or before **DATE**.

**If You Request to be Excluded**

If you qualify as a member of the Rule 23 Class and you do not want to participate in the Lawsuit whatsoever, you must submit a request for exclusion. To be effective, the request for exclusion must: (i) include your full name, address, and telephone number; (ii) include your dates of employment at Limitless and job title(s); and, (iii) specifically state your desire to be excluded from the settlement in *Chanda Seckel v. Limitless Possibilities, LLC*, Case No. 20-cv-1462. If you exclude yourself, you will <u>not</u> receive any monies from the portion of the Settlement Fund allocated to the Rule 23 Class, you will not be bound by the terms of the Settlement, and you will not release any state or federal law claims against Limitless. **You must submit your request for exclusion on or before DATE to Class Counsel. If you are a member of the Rule 23 Class, failure to include the required information or to timely submit your request will result in your remaining a member of the Rule 23 Class and being bound by any final judgment.**

**If You Object**

If you wish to participate in the Lawsuit and Settlement and you do not request to be excluded, you may object to the terms of the Settlement. If you object and the Settlement is approved, and you fail to submit a timely

Exhibit 3

valid request to be excluded, you will be barred from bringing your own individual lawsuit asserting claims related to the matters released through this Settlement, and you will be bound by the final judgment and release and all Orders entered by the Court. You may, but need not, enter an appearance through counsel of your choice. If you do, you will be responsible for your own attorneys' fees and costs.

You must file any objection to the Settlement with the Court on or before <mark>DATE</mark> and provide copies of the objection to: Attorney Scott S. Luzi, Walcheske & Luzi, LLC, 235 N. Executive Drive, Suite 240, Brookfield, Wisconsin 53005; and to Attorney Tony H. McGrath of Jackson Lewis P.C., 22 East Mifflin Street, Suite 800, Madison, Wisconsin 53703

The objection shall state (i) your full name, address, and telephone number; (ii) your dates of employment at Limitless and job title(s); (iii) a written statement of your factual and legal support for your objection; (iv) copies of any papers, briefs, or other documents upon which the objection is based; (v) a list of all persons who will be called to testify in support of the objection; and (vi) a statement whether you intend to appear at the Fairness Hearing. If you intend to appear at the Fairness Hearing through counsel, the objection must also state the identity of all attorneys representing you who will appear at the Fairness Hearing.

If you do not timely make your objections in this manner, you will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the Settlement.

## 4. Class Counsel

The Court appointed the following lawyers as Class Counsel to represent the Rule 23 Class and FLSA Collective:

> Attorney Scott Luzi
> Walcheske & Luzi, LLC
> 235 N. Executive Drive, Suite 240
> Brookfield, Wisconsin 53005
> Email: sluzi@walcheskeluzi.com
> Telephone: (262) 780-1953

If you participate in the Lawsuit, your interests will be represented by Class Counsel.

Please direct any questions you have about the Lawsuit, the Settlement, and/or your rights and options under the Settlement to Class Counsel. **Do not contact the Court.**

## 5. The Fairness Hearing

A hearing will be held before the Honorable William C. Griesbach, United States District Court for the Eastern District of Wisconsin, Green Bay Division, 125 South Jefferson Street, Room 102, Green Bay, Wisconsin 54301, on <mark>MONTH DATE</mark>, 2021 at <mark>TIME</mark>. The purpose of the hearing is for the Court to decide whether the proposed Settlement is fair, reasonable, and adequate and should be approved and also to approve the enhancement payment and reimbursement of Class Counsel's attorneys' fees and costs. The location, time, and date of this hearing may be changed without further notice.

If the Court approves the proposed Settlement, it will enter a judgment that will dismiss the Lawsuit with prejudice on the merits as to all Rule 23 Class members who do not exclude themselves and all FLSA

Exhibit 3

Collective members who consent to join the Settlement. The payments to which you are entitled as result of your participation in the Lawsuit would follow.

If the Court does not approve the proposed Settlement, the case will proceed as if no settlement has been attempted and there can be no assurance that the class will recover more than is provided for in this Settlement or, indeed, anything.

## 6.  Further Information

For additional information you may contact Class Counsel, whose contact information is provided in Section 4, above.

**NO INQUIRIES SHOULD BE DIRECTED TO THE COURT**

4835-6201-0081, v. 1

Exhibit 3

**CONSENT TO JOIN FORM**

Pursuant to 29 U.S.C. §216(b), I hereby consent to make a claim against Limitless Possibilities, LLC ("Limitless") for overtime and/or any other claim for wages brought in this action against Limitless.. I hereby authorize the filing and prosecution of this Fair Labor Standards Act action in my name and on my behalf and designate Chanda Seckel as class representative to make decisions on my behalf concerning this litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. I hereby certify that I was employed by Limitless Possibilities LLC as a direct support employee between September 18, 2017 and September 19, 2020.

**NAME**:
*Nombre* _____
Print Name

**SIGNATURE**:
*Firma* _____
Sign Name

**DATE**:
*Fecha* _____
Date

**PLEASE RETURN TO**:           WALCHESKE & LUZI, LLC
*Favor de regresar esta forma a*:

**BY U.S. MAIL**                235 N. Executive Drive, Suite 240
                               Brookfield, Wisconsin 53005

                                        or

**BY FAX**                     (262) 565-6469

                                        or

**BY E-MAIL**                  sluzi@walcheskeluzi.com

Exhibit 4