UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

CHANDA SECKEL
on behalf of herself and all
others similarly situated,

      Plaintiff,

v.

Case No. 20-cv-1462

LIMITLESS POSSIBILITIES LLC

      Defendant

## JOINT MOTION FOR FINAL SETTLEMENT APPROVAL

Plaintiff, Chanda Seckel, on behalf of herself and all others similarly-situated, and Defendant, Limitless Possibilities LLC, jointly move this Court for final settlement approval in this matter in accordance with the parties' executed Settlement Agreement. (ECF No. 12-1.)

### PROCEDURAL SETTLEMENT BACKGROUND

On April 7, 2021, this Court granted the parties' Joint Motion for Preliminary Approval of Settlement, (ECF No. 15), and, among other things, preliminarily approved the parties' Settlement Agreement, (ECF No. 12-1), as a fair, reasonable, and adequate resolution of a bona-fide dispute under the FLSA and the WWPCL.

On April 23, 2021, Plaintiff's counsel distributed the Notice Packet to approximately sixty (60) putative class and collective members via U.S. first-class mail. (Declaration of Scott S. Luzi ("Luzi Decl."), ¶ 8.) The Notice period ended on May 24, 2021. (*Id.*) In total, Plaintiff's counsel received signed "Consent to Join Form" forms from approximately eight (8) individuals, which were filed with this Court. (*Id.*; *see also* ECF Nos. 16 to 18.) To date, Plaintiff's counsel

has not received any requests for exclusion (or, "opt outs"), or any objections to the Settlement Agreement. (Luzi Decl., ¶ 8.)

The Class and Collective Members will each receive a check in their individual and respective amounts as listed in Exhibit B to the parties Settlement Agreement. (Luzi Decl., ¶ 9; ECF No. 12-1, Ex. B.) In total, Defendant will pay $86.51 to the Collective Members from the Collective Fund, and Defendant will pay $378.60 to the Class Members from the Class Fund. (Luzi Decl., ¶ 9.)

## REMAINING PROCEDURE TO CONCLUDE THIS LITIGATION

Within twenty (20) business days of after the entry of the Final Approval Order, Defendant will deliver Settlement Checks, Plaintiff's Counsel Court-approved attorneys' fees and costs, and Named Plaintiff's Enhancement Payment to Plaintiff's Counsel for distribution to the Settlement Class members. Settlement Checks will expire hundred and fifty (150) days after issuance, and any "Unclaimed Funds" will revert back to Defendant. (ECF No. 12-1, ¶ 11.)

## ARGUMENT

### I. FINAL SETTLEMENT APPROVAL STANDARD

A Court may approve of the settlement of a Fed. R. Civ. P. 23 class action if: (1) the individual class members are afforded a new opportunity to request exclusion from the settlement; (2) a hearing has been conducted; and (3) the court finds that the settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e). In making this determination, the court "must weigh the probabilities of victory or defeat as indicated by the legal or factual situation presented and determine whether the compromise, taken as a whole, is in the best interests" of the class/collective members. *United Founders Life Ins. Co. v. Consumers National Life Ins. Co.*, 447 F.2d 647, 655 (7th Cir. 1971) (internal quotations omitted).

The Seventh Circuit considers other factors when determining whether a proposed class action settlement is fair, adequate, and reasonable, such as: (a) the strength of the plaintiff's case, weighed against the settlement offer; (b) the complexity, length, and expense of further litigation; (c) the presence or absence of collusion between the parties; (d) the opinion of competent counsel; (e) the reaction of class members to the proposal; and (f) the stage of proceedings and discovery completed. *Armstrong v. Bd. of Sch. Dirs. of the City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873, 875 (7th Cir. 1998), *aff'd sub nom. California Pub. Employees' Ret. Sys. v. Felzen*, 525 U.S. 315 (1999)). Ultimately, resolution of class action litigation by settlement is favored. *Isby v. Bayh*, 75 F.3d 1191, 1996 (7th Cir. 1996).

## II. FINAL SETTLEMENT APPROVAL IS APPROPRIATE IN THIS CASE

This case involved bona fide disputes regarding whether Defendant violated the FLSA and the WWPCL as alleged by Plaintiff, including disputes on liability, class and collective certification, and damages. Between approximately October 2020 and February 2021, counsel for the parties: communicated directly and engaged in substantive arms-length settlement negotiations; exchanged relevant documentation, including Plaintiff's payroll records, Plaintiff's time records, and class-related information, such as the payroll and overtime calculation data for hourly-paid, non-exempt employees between September 2017 and September 2020; created and exchanged detailed damages models and monetary settlement calculations; and discussed other monetary and non-monetary terms and conditions of settlement, as well as the timelines, processes, and procedures of settlement. After the parties preliminarily agreed on settlement terms and conditions, counsel for the parties drafted, finalized, and executed the Settlement Agreement, which the parties believe is fair, reasonable, and adequate. (Luzi Decl., ¶ 7.)

## **CONCLUSION**

For all of the reasons herein, the parties respectfully request that this Court:

1. Approve the Settlement Agreement as fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23(e);

2. Certify the WWPCL Class pursuant to Fed. R. Civ. P. 23

3. Declare that the Settlement Agreement represents a fair and reasonable resolution of a bona fide dispute under the FLSA;

4. Certify the FLSA Collective pursuant to 29 U.S.C. § 216(b);

5. Appoint Chanda Seckel as Class Representative for the FLSA Collective and the WWPCL Class;

6. Appoint Walcheske & Luzi, LLC as Class Counsel for the FLSA Collective and the WWPCL Class;

7. Grant Plaintiff's Motion for Approval of Attorneys' Fees and Costs, (ECF No. 19), in the amount of $7,742.81;

8. Grant Plaintiff's Motion for Approval of Enhancement Payment, (ECF No. 23), in the amount of $500;

9. Declare that the Settlement Agreement is binding on Defendant, the Class Representative, all Class Members, and all Collective Members;

10. Dismiss with prejudice the Class Members' and Collective Members' claims against the Limitless Released Parties under this Lawsuit;

11. Dismiss without prejudice the claims of those Collective Members who did not file "Consent to Join Form" forms with the Court; and

12. Dismiss this matter on the merits and with prejudice.

Dated this 13th day of July, 2021

*s/ Scott S. Luzi*  
Scott S. Luzi, SBN 1067405  
WALCHESKE & LUZI, LLC  
235 N. Executive Drive, Suite 240  
Brookfield, Wisconsin 53005  
Telephone: (262) 780-1953  
Email: sluzi@walcheskeluzi.com

*Attorneys for Plaintiff*

*s/ Tony H. McGrath*  
Tony H. McGrath, SBN 1042806  
JACKSON LEWIS P.C.  
22 East Mifflin Street, Suite 800  
Madison, Wisconsin 53703  
Telephone: (608) 807-5274  
Email: Tony.McGrath@jacksonlewis.com

*Attorneys for Defendant*